William H. BEESON, Appellant–
Respondent,

v.

Debra Ann (Beeson) CHRISTIAN,
Appellee–Petitioner.

No. 29A02–9011–CV–667.[1]

Court of Appeals of Indiana,
Fifth District.

Dec. 31, 1991.

---

**1.** This case was diverted to this office by order of the Chief Judge.

Michael J. Andreoli, Donaldson, Andreoli & Truitt, Lebanon, Michael A. Howard, Pearce & Howard, Noblesville, for appellant-respondent.

Judith N. Stimson, Indianapolis, Martin E. Risacher, Church, Church, Hittle & Antrim, Noblesville, for appellee-petitioner.

RUCKER, Judge.

William H. Beeson (Father) appeals the trial court's judgment in favor of Debra Ann Christian (Mother) regarding the cus-

tody of their daughter, Michelle Beeson. Father raises the following issues which we rephrase as follows:

1. Did the trial court err in allowing Mother, as joint custodial parent, to continue as primary physical custodian after Mother petitioned to extend an order granting temporary relocation of Michelle's residence outside of the United States?

2. Did the trial court err in granting Mother's petition to modify visitation?

3. Did the trial court err in admitting into evidence the testimony of Dr. Peg Hess over Father's lack of foundation objection?

4. Did the trial court err in finding that Mother's child support worksheet provided for weekly child support in the amount of $450.00?

5. Did the trial court err in ordering Father to pay attorney's fees and costs?

We affirm in part, reverse in part and remand.

The facts relevant to this appeal show the marriage between Mother and Father was dissolved October 26, 1987. One child, Michelle, was born as a result of the marriage. The trial court awarded joint legal custody of Michelle to both parties, with the Mother providing the primary residence and with the parties sharing authority and responsibility for the major decisions concerning the child's upbringing, including Michelle's education, health care and religious training. Father was granted reasonable visitation including every other weekend, alternating major holidays, no less than two weeks' vacation not to interfere with Michelle's school, and all other reasonable times to be agreed upon between the parties.

In the fall of 1988, both Mother and Father remarried. On November 29, 1988, Mother filed a Notice of Intent to Temporarily Move Residence so as to reside in London, England for a period of nine months. Apparently, Mother's current husband had been offered a temporary position in England by the corporation for which he was employed. In response, Father filed his Petition For Change of Child's Primary Residence and Establishment of Visitation Privileges. The petition, in essence, requested the court to name Father as primary custodian of Michelle and that her residency remain in Indiana. After hearing evidence, the trial court entered an order continuing the joint legal custody of the child, and permitting the child to accompany Mother to London, England which would be her primary residence for the next nine months. The trial court modified Father's visitation to accommodate the move. Namely, Father was granted visitation in the summer for a period of 50 consecutive days, and upon Mother's return from London, Father was granted three weeks extended visitation with the child.

On October 16, 1989, Mother filed her Verified Petition To Extend Order. The petition alleged, in essence and in part, the Mother's current husband had received another position with his company effective September 5, 1989. The new position would require an extension of his term in London for approximately three years. In response to this petition, Father filed an objection and a petition to change custody or primary residence and establishment of visitation privileges. Mother subsequently filed a verified petition for an increase in child support and a change in visitation. She also petitioned for costs and attorney fees.

After a hearing, the trial court adopted Mother's detailed findings of fact and conclusions of law, granting Mother's petition to extend order and petition for fees and costs. The court denied Father's petition to change custody or primary residence. This appeal ensued.

I.

Father asserts the trial court erred in allowing Mother, as joint custodial parent, to continue as primary physical custodian of Michelle after Mother petitioned to extend the order granting temporary relocation of Mother's residence to London, England. Father contends because he and Mother share joint legal custody of Michelle, Mother has the burden of proof, (a)

to show the change of location was necessitated by a change in circumstances so substantial and continuing to make the existing custody order unreasonable pursuant to Ind.Code § 31–1–11.5–22(d), and (b) that the move was in Michelle's best interest. He asserts Mother failed to meet her burden and the trial court abused its discretion in allowing Mother to continue as primary physical custodian.

In support of his argument, Father cites *Lubeznik v. Liddy* (1985), Ind.App., 477 N.E.2d 947. In *Lubeznik*, Mother had sole custody of her two daughters. At the time the parties' divorce decree was entered, the custody statute, Ind.Code § 31–1–11.5–21, did not provide for joint custody.[2] After Mother remarried, she filed a petition to remove the children from their home in Indiana to Santa Fe, New Mexico. Father objected and filed a motion to change custody. He argued Mother's petition to relocate was in essence a petition for modification of custody and that she was required to show a change in circumstances so substantial and continuing to make the existing custody order unreasonable pursuant to Ind.Code § 31–1–11.5–22(d). The *Lubeznik* court held:

> Because we hold custody was not joint, we do not agree that Lynn was seeking a modification of the original custody order; therefore we cannot agree that Lynn had the burden to show changed circumstances which made the original order unreasonable. Rodney cites us to no authority which holds that a custodial parent seeking to relocate the children must make such a showing.

*Lubeznik*, 477 N.E.2d at 952. In the case before us, Father argues because he and Mother enjoy joint legal custody of Michelle, Mother's petition to extend the relocation order is in essence a petition to modify custody. Thus, continues Father, the above quoted language requires Mother to demonstrate a change in circumstances so substantial and continuing as to make the original custody order unreasonable. We disagree.

Like the father in *Lubeznik*, here, Father cites no authority which holds a custodial parent seeking to relocate the child must make a showing of changed circumstances. Indeed, our own research reveals no such authority. In essence, Father asks us to adopt a rule of law based on facts not presented to the *Lubeznik* court. Unlike Mother and Father in the case at bar, the Lubezniks did not share joint legal custody. The language in *Lubeznik* implying the court's holding may have been different if joint custody had existed is obiter dictum and therefore not binding on this court. *Koske v. Townsend Engineering Co.* (1990), Ind., 551 N.E.2d 437.

■ Here, Mother sought to extend the court's pre-existing order permitting relocation outside the state of Indiana. Mother's status as joint legal custodian did not, as a result of that status, alter Mother's request from a petition to extend a relocation order to a petition to change or modify custody. Both parties remain legal custodians of Michelle. As such, both Mother and Father share the authority and responsibility for the major decisions concerning Michelle's upbringing, including her education, health care and religious training. Ind.Code § 31–1–11.5–21(f). Obviously, because of the relocation, Father will be inconvenienced in his ability to exercise his authority and fulfill his responsibility. However, this inconvenience, standing alone, does not eliminate Father's role as joint custodial parent.

■ When a custodial parent intends to relocate outside the state of Indiana, he or she must file a notice of that intent. I.C. § 31–1–11.5–21.1. The statute imposes no burden of proof on the party intending to relocate. *Hoos v. Hoos* (1990), Ind.App., 562 N.E.2d 1292. Rather, the statute provides a means for modifying visitation, custody and support orders. The intent to move to a foreign country should not prevent the court from continuing the physical custody in the parent intending on making

---

**2.** The statute was amended in 1983, P.L. 283–1983, § 1, to allow the trial court, upon consideration of certain enumerated factors, to award joint legal custody to both parents if the court found it to be in the best interests of the child. Ind.Code § 31–1–11.5–21(f), (g).

such a move. The denial of continued physical custody, solely on the grounds of change in residence is improper "where the move is being made in good faith and out of a desire to improve the material or psychological life of the custodian, so long as the child's interests are not prejudiced thereby." *Sebastian v. Sebastian* (1988), Ind.App., 524 N.E.2d 29, 33 citing H. Clark, The Law of Domestic Relations in the United States § 20.4, at 515–16 (2d ed. 1987).

▮ The record before us demonstrates Mother's initial relocation to England as well as the extended relocation was made in good faith. Father argues the move is nothing more than a calculated strategy to deny him his rights as custodial parent. In support of his argument Father directs our attention to portions of the record indicating Mother was aware the initial move would not be temporary, including Mother's efforts in enrolling Michelle in a private school in England. Father is essentially inviting this court to reweigh the evidence. We may not do so. Where, as here, the trial court makes specific findings with its judgment, we may not set aside the findings unless they are clearly erroneous. Trial Rule 52(A). Findings are clearly erroneous if the record contains no fact or inference supporting them. *Lafayette Realty Corp. v. Vonnegut's, Inc.* (1984), Ind.App., 458 N.E.2d 689. We may neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

▮ The evidence here, while arguably conflicting, supports the view that Mother's relocation was made in good faith. The trial court found that Mother's current husband was originally transferred to London on a temporary assignment to determine the feasibility of his company doing business in England; and, in late September 1989, he was offered a more permanent position as Treasurer of the parent group. The findings are supported by the evidence and therefore not clearly erroneous.

▮ The evidence in this case also demonstrates Michelle's interests have not been prejudiced. Dr. Richard Lawlor, Assistant Professor of Clinical Psychology in the Department of Psychology at the Indiana University Medical Center, was asked to perform a custody evaluation. His qualifications to testify and to give an opinion were stipulated by the parties. Dr. Lawlor administered psychological tests to Father and his present wife and also traveled to London and administered psychological tests to Mother and her present husband. In addition, Dr. Lawlor met with Michelle in London and in his office in Indiana. He opined that Michelle was an extremely bright young girl and was above average from a developmental standpoint; that she was thriving both intellectually and cognitively; that from a personality standpoint Michelle was a well adjusted normal child. Dr. Lawlor felt that if Father were awarded primary custodial care of Michelle, with Mother granted the right of extensive visitation, Michelle would eventually adjust but he felt it would be difficult for her. Dr. Lawlor concluded that Michelle should remain in the primary physical care of her mother for the present time.

The record here supports the view that Michelle's interests are best served by Michelle remaining in the physical custody of her mother. The trial court did not abuse its discretion in granting Mother's petition to extend order.

## II.

Father next contends the trial court erred in granting Mother's petition to change visitation. According to Father, modification diminishes his visitation rights.

▮ In order to prevail on a petition to modify visitation the petitioning party, here, Mother, must show the trial court that a modification would be in the best interest of the child and must show a change in circumstances since the original decree. *Swartzel v. Swartzel* (1986), Ind. App., 492 N.E.2d 71. A court's order concerning visitation will be reversed only upon a showing of manifest abuse of discretion, that is, when the trial court's decision is clearly against the logic and the facts of the case. *K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749.

Here, Mother's request for a change in visitation was based upon Michelle's enrollment in a school in England. Mother sought a change in visitation that would accommodate the school's schedule. The trial court granted the petition awarding Father visitation from December 26 until the day before school resumes in early January; two weeks during spring school break; three consecutive weeks during summer school break; and visitation any reasonable time in London upon three weeks advance notice, provided "said visitation does not unreasonably interfere with Michelle's school schedule." The logic and effect of the facts and circumstances in this case support the trial court's order. With the modification, Father is entitled to one less day with Michelle per year than he was entitled under the original decree. We find no abuse of discretion. We decline to disturb the trial court's order.

### III.

Father next asserts the trial court erred in permitting and considering the testimony of Dr. Peg Hess. Father argues the witness did not have "firsthand knowledge" necessary to qualify as an expert because she had never met nor talked to Father or Father's current wife.

In order to qualify a witness as an expert, the trial court must find 1) the subject of the testimony beyond the common knowledge of laymen, and 2) the witness has sufficient skill, knowledge, or experience in that field as to make it appear that her opinion or inference will probably aid the trier of fact in its search for the truth. *Underhill v. Deen* (1982), Ind.App., 442 N.E.2d 1136. The trial court's decision in qualifying a witness as an expert will stand absent a manifest abuse of discretion. *See, Posey County v. Chamness* (1982), Ind.App., 438 N.E.2d 1041. An expert may give an opinion based on firsthand knowledge of the material facts at bar, on the basis of knowledge of facts in the record, or may express her opinion upon assumed facts supported by evidence and stated to her by way of hypothetical

question. *Senco Products Inc. v. Riley* (1982), Ind.App. 434 N.E.2d 561.

The record in this case reveals Peg Hess, a tenured faculty member at the Indiana University School of Social Work, earned a Ph.D. in social work where her primary focus was on separation of children from their parents and the role that visitation plays in maintaining contact. The trial court permitted Dr. Hess to testify after considering her employment, education, membership in professional organizations, and publication of various professional writings. *Record* at 313–318. Dr. Hess provided testimony concerning factors the trial court should consider in establishing visitation plans, including: the child's relationship with the non-custodial parent and other family members; the degree of the non-custodial parent's involvement in the child's environment during visitation; and the child's regular routine. Dr. Hess offered no opinion concerning which of the two parents in this case should be awarded custody.

The subject on which the witness here was called upon to testify is the very subject trial courts, in divorce actions, are regularly called upon to determine. While we are not prepared to say factors the trial court should consider in establishing visitation plans are "beyond the common knowledge" of the court, on the other hand, the trial court as the factfinder here is in far better position than this court to determine whether the witness' opinion or inferences would "probably aid the trier of fact in its search for truth." In allowing Dr. Hess to testify, the trial court obviously determined the testimony would aid the court in its decision. We find no abuse of discretion here.

### IV.

Next, Father complains the trial court erred in determining that Mother's child support worksheet provided for weekly child support in the amount of $450.00. Father notes the only evidence introduced by Mother with regard to this matter was a worksheet which showed a child support calculation in the amount of $430.00 per

week. Mother concedes Father is correct on this issue and that the finding of $450.00 is the result of a scrivener's error.

In an effort to preserve judicial economy and pursuant to the authority vested in this court by Ind.Appellate Rule 15(N), we order the trial court's Conclusion of Law Number 16 be corrected to reflect Mother's child support worksheet showed a calculated weekly child support of $430.00.

## V.

The trial court ordered Father to pay attorney's fees and costs incurred by Mother in the course of this litigation under the provisions of Ind.Code §§ 31-1-11.5-16 and 31-1-11.5-24(c) which dictate in relevant part:

> Sec. 16(a) The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter [11.5, Dissolution of Marriage] and for attorney's fees....
>
> *     *     *     *     *     *
>
> Sec. 24(c) In any action filed to enforce or modify an order granting or denying visitation rights, a court may award reasonable attorney's fees, court costs, and other reasonable expenses of litigation....

Father contends the preceding sections do not apply to this case. Rather, Ind.Code § 31-1-11.5-21.1 concerning the change of residence of a custodial parent governs the instant action and expressly provides "[e]xcept in cases of extreme hardship, the court shall not award attorney's fees." Father argues this litigation springs directly from Mother's petition to extend her temporary relocation provided by that statute. Father also asserts nothing in the record indicates Mother is in a situation of extreme hardship and therefore, the trial court's authorization of attorney's fees is an abuse of discretion.

In contrast, Mother contends the court acted within the bounds of its discretion because the order from which Father appeals was made pursuant to a number of matters pending before the trial court, namely: 1) Mother's petition to Extend Order, 2) Father's petition for Change of Custody and/or Child's Primary Residence and Establishment of Visitation Privileges, 3) Mother's Petition to Modify Support, 4) Mother's Petition for Fees and Costs, and 5) Mother's Oral Motion for a Modification of Visitation. Mother argues review of custody and visitation warrants the award of attorney's fees at the court's discretion. Mother contends I.C. § 31-1-11.5-21.1 does not apply in this case because the issue of relocation of the custodial residence was settled sixteen months prior to the hearing on the above disputed matters.

Mother's argument is not persuasive. The fact the trial court reviewed the issues of modification of custody and visitation, which ordinarily allow discretionary award of attorney's fees, does not change the gravamen of the action here. Indiana Code § 31-1-11.5-21.1(b) expressly recognizes matters of custody and visitation will necessarily arise when a parent petitions to change the location of the custodial residence: "[u]pon the request of either party, the court shall set the matter down for a hearing for the purposes of reviewing and modifying [,] if appropriate [,] the custody, visitation, and support orders." *Id.* At the same time, the statute limits award of attorney's fees to cases where the petitioning party is in a situation of extreme hardship. I.C. § 31-1-11.5-21.1(c). In essence, Mother asks this court to affirm her rights under the relocation statute while ignoring the attorney fee provision of the same statute.

▮▮▮ We hold review of custody, visitation, and support under I.C. § 31-1-11.5-21.1 does not open the door to the discretionary attorney fee provisions under the general dissolution statutes. Because this case is one of relocation, no attorney's fees should be awarded except in cases of extreme hardship. Father is correct in his assertion that no evidence of extreme hardship was presented in this matter. Accordingly, the trial court abused its discretion in awarding attorney's fees to Mother. We reverse on this issue.

We remand this cause to the trial court with instructions to correct its Finding Number 16 consistent with this opinion. We reverse with respect to the award of attorneys' fees and costs. In all other respects the judgment of the trial court is affirmed.

SHARPNACK and SULLIVAN, JJ., concur.