In re the Marriage of Robert MEHL,
Appellant–Respondent,

v.

Shari A. MEHL, Appellee–Petitioner.

No. 29A05–9710–CV–417.

Court of Appeals of Indiana.

Sept. 25, 1998.

Sheila A. Marshall, Kiefer & McGoff, Indianapolis, for Appellant–Respondent.

Franklin I. Miroff, Monty K. Woolsey, Miroff, Cross & Klineman, Indianapolis, for Appellee–Petitioner.

## OPINION

STATON, Judge.

Robert Mehl ("Father") appeals the award of attorney's fees to his former wife, Shari A. Mehl ("Mother"), in post-dissolution proceedings concerning a petition to relocate. The sole issue presented on appeal is whether the trial court improperly awarded attorney's fees absent a finding of extreme hardship.

We remand with instructions.

Father and Mother were married in 1991 and divorced in 1994. The dissolution court awarded Mother custody of the couple's minor child. On January 9, 1996, Mother filed a petition to relocate to North Carolina and a separate petition for modification of child support. Father responded on January 26, 1996 by filing a petition for modification of custody and a petition for contempt based on Mother's alleged failure to comply with the court's visitation order. The child's paternal grandparents subsequently intervened seeking visitation with the child. Following protracted litigation and several hearings, on June 11, 1997, the court entered its detailed findings of fact, conclusions of law and judgment denying Father's petition for modification of custody; determining Father's and grandparents' visitation schedules; setting Father's child support obligation; ruling Mother was in contempt but had purged herself of the contempt; and (5) awarding Mother $25,200.00 of her $31,500.00 total attorney's fees. The attorney fee award was based upon the trial court's finding a "substantial disparity in earnings and earning ability of the parties." Father appeals that award, claiming that under the prevailing statute the court had the authority to award attorney's fees only upon a finding of extreme hardship.

 Central to the issue presented is which of two relevant statutes controls the award of attorney's fees in this case. In its

conclusions, the trial court specifically cited IND.CODE § 31–1–11.5–16 (1993)[1] which permits a trial court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding in connection with the marriage dissolution. *Shively v. Shively*, 680 N.E.2d 877, 883 (Ind.Ct.App.1997). When making such an award, the trial court considers the resources of the parties, their economic condition, their ability to engage in gainful employment and to earn adequate income and other factors that bear on the reasonableness of the award. *Hanson v. Spolnik*, 685 N.E.2d 71, 80 (Ind.Ct.App.1997), *trans. denied.* The court may also look at the responsibility of the parties in incurring the attorney's fees. *Id.*

Under a second statute, IND.CODE § 31–1–11.5–21.1 (1993),[2] when Mother intended to relocate to North Carolina, she was required to file notice of her intent with the trial court. The statute further provides:

(b) Upon request of either party, the court shall set the matter down for a hearing for the purposes of reviewing and modifying if appropriate the custody, visitation, and support orders. The court shall take into account the distance involved in the proposed change of residence and the hardship and expense involved for noncustodial parents to exercise such rights, in determining whether to modify the custody, visitation, and support orders.

(c) *Except in cases of extreme hardship, the court shall not award attorney's fees.*

IC 31–1–11.5–21.1(b) and (c) (emphasis added).

Father insists that the trial court was required to apply the "extreme hardship" standard enunciated in the foregoing statute. To support his position, Father directs us to *Beeson v. Christian*, 583 N.E.2d 783 (Ind.Ct.App.1991) in which this court interpreted IC 31–1–11.5–21.1. In *Beeson*, when the mother temporarily moved her residence to London, England, the trial court permitted the child to remain in her custody despite the father's request to name him the primary custodian.

*Id.* at 786. The following year, the mother petitioned to extend the order alleging her current husband had received an extension of his term in London. The father objected and again requested a change in custody and establishment of visitation privileges. The mother subsequently filed a petition for an increase in child support and a change in visitation. *Id.* Following a hearing, the trial court granted the mother's petition to extend the relocation order and then awarded the mother attorney's fees despite the lack of evidence concerning extreme hardship. The father appealed, arguing the attorney fee award was unjustified under the applicable statute.

Our court agreed, reasoning that "[t]he fact the trial court reviewed the issues of modification of custody and visitation, which ordinarily allow [a] discretionary award of attorney's fees, does not change the gravamen of the action here." *Id.* at 790. We also observed that the relevant statute expressly recognizes that custody and visitation issues will necessarily arise when a custodial parent petitions to relocate. *Id.* In reversing the award, our court held that review of custody, visitation, and support under IC § 31–1–11.5–21.1 does not open the door to the discretionary attorney fee provisions of the general dissolution statutes. *Id.*

Mother attempts to distinguish *Beeson* from the present case, arguing that the gravamen of this case is not her relocation to North Carolina but Father's "unsuccessful attempt, at all costs, to obtain a modification of custody." We recognize that litigation in this case was protracted and costly, encompassing discovery in three states. Nevertheless, in enacting the attorney fee provision of IC 31–1–11.5–21.1(c), the legislature did not make an exception for cases involving zealous advocacy.

Mother also observes that much of the litigation related to her alleged financial and emotional instability rather than to her relocation. When modification of custody is sought because of an intended relocation, the statute requires the court to take into ac-

---

1. The statute was repealed, amended and recodified at IND.CODE § 31–15–10–1 (Supp.1997).

2. The statute was repealed, amended and recodified at IND.CODE § 31–17–2–23 (Supp.1997).

count the distance involved in the proposed change of residence and the hardship and expense involved for the noncustodial parent in exercising visitation rights. However, this statute is construed in conjunction with other statutes requiring a trial court to consider "all relevant factors" when determining whether modification of custody would be in a child's best interests. *See* IND.CODE §§ 31-1-11.5-22(d) (Supp.1994) and 31-1-11.5-21(a) (Supp.1994);[3] *see also, e.g., Beeson,* 583 N.E.2d at 788 (psychologist performed custody evaluation administering psychological tests to father and his present wife and to mother and her present husband).

 The present action was initiated by Mother's petition to relocate. Father filed his petition to modify custody seventeen days after Mother filed her petition. He named Mother's move and her travel schedule associated with her work as two substantial changes warranting a modification of custody. Father's other filing, his petition for contempt, related to his lack of visitation as the result of Mother's move to North Carolina. The grandparents' petition for visitation was also related to Mother's relocation. Accordingly, we hold that IC 31-1-11.5-21.1 controls this action and that the trial court was permitted to award attorney's fees only upon a finding of "extreme hardship."

 Our analysis does not end here. Anticipating our decision, Mother makes an alternative claim that she has demonstrated extreme hardship. Recognizing that "extreme hardship" is an imprecise standard, we observe that, unlike the parent in *Beeson,* Mother introduced evidence of an absence of funds and a lack of ability to obtain funds. The record does not support Father's contention that Mother had thousands of dollars in untaxed annual income from settlement of a sexual harassment lawsuit and from his child support payments. At the time of the final hearing, Mother no longer received proceeds from settlement of her lawsuit. Further, child support payments "shall be used solely for the benefit of the child entitled to receive

the payments." IND.CODE § 31-1-11.5-14(b) (1993).[4]

Whether extreme hardship exists is a question of fact to be resolved by the trial court. Here, the trial court awarded fees utilizing an inappropriate test. Although there is evidence of Mother's lack of assets and income available for payment of attorney's fees, we decline to decide the question presented as a matter of law. Thus, we remand this case to the trial court with instructions to determine whether Mother is entitled to attorney's fees under the applicable statute.

Remanded with instructions.

SHARPNACK, C.J., and DARDEN, J., concur.

---

3. Modification of child custody is now governed by IND.CODE § 31-17-2-21 (Supp.1997) and IND. CODE § 31-17-2-8 (Supp.1997).

4. The statute has been repealed, amended, and recodified at IND CODE § 31-16-10-3(a) (Supp. 1997).